Craig D. Webster
Federal Defenders of Eastern Washington & Idaho
306 E. Chestnut Ave.
Yakima, WA 98901
(509) 248-8920

Attorney for Defendant
Bruce Warren Sampson, Jr.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Salvador Mendoza, Jr.

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>  v.<br><br>Bruce Warren Sampson, Jr.,<br><br>                         Defendant. | No.  1:20-CR-2022-SMJ<br><br>Defendant's Sentencing Memorandum |

Bruce Warren Sampson, Jr., by and through his attorney, Craig D. Webster, for the Federal Defenders of Eastern Washington and Idaho, respectfully submits this sentencing memorandum, and requests that the Court impose a sentence of 14 months confinement (Credit For Time Served), 3 years of supervised release, and restitution for Mr. Umtuch. For the reasons that follow, Mr. Sampson believes a sentence of 14 months confinement with supervised release is a sentence sufficient but

Defendant's Sentencing Memorandum 1

not greater than necessary to effectuate the purposes of sentencing under 18 U.S.C. § 3553(a).

## I.     Status of the Case

Mr. Sampson went to jury trial and was convicted of 2 counts of assault based on the same course of conduct. He was convicted of Assault resulting in serious bodily injury and Assault with a dangerous weapon.[1] Mr. Sampson has been in federal custody on the charges since June 22, 2020.[2] Mr. Sampson was charged in federal court due to his status as an Indian. Mr. Sampson awaits his sentencing on August 24, 2021.

## II.    Base Offense Level and Enhancements

Mr. Sampson has filed his objections to the draft Pre-Sentence Investigation Report ("PSR"). Mr. Sampson disagrees with probation's total offense level (25) and advisory, non-mandatory guideline range of 70-87 months. Mr. Samspon believes that his total offense level should

---

[1] *See* ECF No. 157.

[2] *Id.* at pg. 2.

Defendant's Sentencing Memorandum 2

be calculated as 17 and that his advisory, non-mandatory guideline range should be 30-37 months. Based on the sentencing factors and the unique individual characteristics of Mr. Sampson, a downward departure is justified. Regardless of the ultimate calculation, Mr. Sampson recommends a sentence of 14 months confinement to be followed by 3 years supervised release.

### III. Analysis of 18 U.S.C. § 3553(a) factors

Title 18, U.S. Code § 3553(a) directs this Court to impose a sentence that is "sufficient, but not greater than necessary" to meet the purposes of punishment. 18 U.S.C. § 3553(a)(2). Based on the factors discussed below the defense believes that a sentence of 14 months confinement to be followed by 3 years of supervised release meets this standard.

#### A. The Nature and Circumstances of the Offense and Characteristics of Mr. Sampson

The nature and characteristics of the offense support a sentence of 14 months confinement with 3 years of supervised release. The offense in question was a fight between two intoxicated men that got out of hand. The fight was between two men that knew each other. The fight

Defendant's Sentencing Memorandum 3

took place in Mr. Sampson's hotel room where the two men had been playing cards and drinking alcohol to excess.  Mr. Sampson's family was also present.  Mr. Sampson was convicted of using a dangerous weapon in the fight.  The weapon used was a standard Nike Tennis Shoe that was on Mr. Sampson's foot.  There is no suggestion that Mr. Sampson in any way attempted to use a traditional weapon or to use the Nike Tennis Shoe(s) as weapons.  The shoes just happened to be on his feet at the time of the fight and according to the government's case were used within the normal course of action of a fight.

   Mr. Sampson was charged in federal court (instead of state court) due to his status as an Indian.  If Mr. Sampson was any other ethnicity living in Yakima County, Washington, then he would have been charged and tried in state court.  Had Mr. Sampson been charged in state court then he would have been a part of an open discovery process with greater due process protections thanks to the strength of the Washington State Constitution.  Additionally, had Mr. Sampson been charged in state court for the same conduct he would have been charged

Defendant's Sentencing Memorandum 4

with either Assault 2 or Assault 3.³ Likewise, Mr. Sampson would have been sentenced (if convicted) under the Washington State Guidelines. Based on Mr. Sampson's lack of serious criminal history he would have been facing a significantly lower sentencing range under Washington State's sentencing guidelines. Taking the more serious charge of Assault 2, had Mr. Sampson been convicted of Assault 2, then counsel's calculation of his sentencing guidelines places Mr. Sampson facing a standard range of 3-9 months, with Department of Corrections Probation.⁴

    Mr. Sampson is a 38 year old man. He is not a perfect man but he is a man that cares deeply for his children. Mr. Sampson is a person that has struggled with alcohol and the negative impact that it has on his decision making process. After a year of incarceration, Mr. Sampson has made great changes to his life. He has become clean and sober and happily maintained that sobriety. He also has become a deeply spiritual man. He has moved into God Pod at the Yakima

---

³ *See* RCW 9A.36.021; 9A.36.031.

⁴ *See* RCW 9.94A.525(8) and the Washington State Sentencing Manual.

Defendant's Sentencing Memorandum 5

County Jail and for a long stretch of time has engaged in bible studies at the Jail. This has had a great impact on his life. Faith has opened a door to him and he is making the most of it.

Mr. Sampson also has made the most of what is available to him at the Yakima County Jail. He attends AA meetings. He attends bible studies. He has hand-copied scriptures from the bible for personal use and to teach others.[5] Mr. Sampson's day is scheduled around his bible studies. Mr. Sampson also has continuously engaged in educational courses on his tablet whenever the opportunity presents itself to him.[6] All in an attempt to rehabilitate himself for when he walks out of jail. His goal is to be better man and most of all to be a better father. Based on the changes that he is making there is no reason to believe that he cannot succeed.

Mr. Sampson's criminal history appears to be all misdemeanors and gross misdemeanors. His history appears to be alcohol related. It is transparent that alcohol and Mr. Sampson do not mix well. When

---

[5] *See* Declaration Exhibit A.

[6] *See* Declaration Exhibit B.

Defendant's Sentencing Memorandum 6

Mr. Sampson drinks alcohol it tends to lead to poor decisions and results in criminal convictions.

Overall, Mr. Sampson does not appear to have the type of criminal history that warrants years in prison. In fact, based on the changes that he has made, a lengthy sentence would likely be counterproductive. Mr. Sampson has made serious changes in his life over the past year of incarceration. He has found religious faith. He has found sobriety. He has identified where drunken violence leads. And he has paid the price. He has been removed from his children whom he is desperate to spend time with and to parent them. He is determined to teach his children to not engage in the behavior that has led him to incarceration.

Based on the offense characteristics and personal characteristics, a just sentence is 14 months incarceration, 3 years of supervised release, and restitution to be paid for the harm done to Mr. Umtuch.

### B. The need for the sentence imposed

The current offense is a serious offense. There is no doubt that Mr. Umtuch was badly injured due to Mr. Sampson's actions. He has suffered physical and emotional loss due to Mr. Sampson's actions. Mr. Sampson should be required to make Mr. Umtuch whole to the best of

Defendant's Sentencing Memorandum 7

his ability.  Mr. Sampson should be required to pay restitution for damages caused to Mr. Umtuch.  Additionally, a just punishment requires incarceration for his actions.  14 months incarceration is a significant amount of time.  Looking at Mr. Sampson's criminal history, it appears that 14 months is a significantly greater sentence than Mr. Sampson has received in the past.  14 months is a long time to spend incarcerated at the Yakima County Jail.  Additionally, 3 years of supervised release, will monitor Mr. Sampson to make sure that he does not fall back into his old ways.  To make sure that he remains sober.  If Mr. Sampson fails to obey probation then he will face additional prison time.  This is just punishment for the crime.  No further period of incarceration is needed to adequately punish Mr. Sampson.  He has been sufficiently punished.  Additional time is not necessary and has the likely potential to be counterproductive.

    14 months incarceration is adequate deterrence.  This is a long sentence.  As noted earlier, had this been in state court, then Mr. Sampson would have been looking at 3-9 months incarceration.  He already has served well over that amount of time behind bars.  Additionally, based on his criminal history this appears to be the

Defendant's Sentencing Memorandum 8

longest amount of time that Mr. Sampson has ever served behind bars. No additional time will add deterrence. It will just be punishment, not deterrence. Additionally, Mr. Sampson will be monitored by United States' Probation. He will have access to greater programs. If he violates his probation then he will face lengthy periods of imprisonment for each additional violation. That is a strong deterrent. No further time is necessary for deterrence.

3 years of supervised release with drug/alcohol conditions is sufficient to protect the public from future crime. Mr. Sampson will be monitored, required to obey, and failure to do so will lead to imprisonment. Most importantly drug/alcohol treatment and other classes will adequately protect the public. It is clear from Mr. Sampson's history that alcohol abuse leads to his criminal behavior. Without alcohol involved, it is very unlikely that Mr. Sampson would have engaged in the conduct that led to his convictions on his current charges. Mr. Sampson's sobriety is what will ultimately protect the public.

Finally, we look to the rehabilitation opportunities. Mr. Sampson has already started this process. He is much farther along than many

Defendant's Sentencing Memorandum 9

other defendants. He has seriously engaged in rehabilitation while in-custody. He has taken whatever opportunities have presented themselves and made the most of them. He is clean and sober. He is finding his faith. He is changing his ways. Further incarceration is not necessary. Mr. Sampson could benefit much more from drug/alcohol treatment, educational opportunities, anger management classes, and parenting classes. Before the Court is a man that wants to change, is willing to change, and has begun to change. This will be a marathon for Mr. Sampson, not a sprint. But he has already begun the race. The man that was arrested in June 2020 is not the same man that appears before the Court. The man that appears before the Court today has a much better chance of success. His time behind bars has given him sufficient time to make the necessary changes. He has done that. It is time for him to begin his new life beyond prison. No additional time is necessary. 14 months incarceration, 3 years of supervised release, and restitution is a just sentence that is sufficient but not greater than necessary.

One final thought is the fact that Mr. Sampson was convicted by a jury of his peers. In the long term, this is a good thing. It is one thing

Defendant's Sentencing Memorandum 10

to take a plea bargain and plead guilty.  It is quite another thing to be convicted at jury trial by 12 people.  Trial leads to greater acceptance for one's actions.  It is what the constitutional jury system was designed to do.  You put on your theory of defense and ultimately if the jury rejects it then it is much easier to accept responsibility for your actions.  This is what Mr. Sampson has done.  There is a peace in being found guilty after a jury trial.  Counsel believes this will assist Mr. Sampson in the long term.

## Conclusion

For all of the foregoing reasons, Mr. Sampson respectfully asks the Court to adopt his recommendation of 14 months confinement, 3 years of supervised release with drug/alcohol conditions, and with restitution for Mr. Umtuch's injuries.  With respect, Mr. Sampson asks the Court to follow this recommendation.

Dated:  July 26, 2021.

Defendant's Sentencing Memorandum 11

Respectfully Submitted,

By s/ Craig D. Webster
   Craig D. Webster,
   WSBA# 40064
   Attorney for Bruce Warren Sampson, Jr.
   Federal Defenders of Eastern Washington and Idaho
   306 East Chestnut Avenue
   Yakima, Washington 98901
   (509) 248-8920
   (509) 248-9118 fax
   Craig_Webster@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Richard C. Burson, Assistant United States Attorney, and Sean Carter, United States Probation Officer.

By s/ Craig D. Webster
   Craig D. Webster

Defendant's Sentencing Memorandum 12